UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION OF
REALTORS®,

    *Petitioner*,

v.

UNITED STATES OF AMERICA, et al.

    *Respondents*.

Case No. 1:21-cv-2406 (TJK)

**THE NATIONAL ASSOCIATION OF REALTORS'®
UNOPPOSED MOTION TO SET DEADLINE**

The National Association of REALTORS® respectfully requests that the Court set **November 12, 2021** as the deadline for NAR to respond to any filing the Government makes on or before October 13, 2021 regarding NAR's Petition to Set Aside, or in the Alternative Modify, Civil Investigative Demand No. 30729.

NAR initiated this case on September 13, 2021, by petitioning under the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-1314, to set aside a Civil Investigative Demand issued by the Antitrust Division of the United States Department of Justice. The Government moved for an extension of time to respond to NAR's petition, and NAR did not oppose. *See* ECF 11 at 2. The Court granted the Government's motion and set October 13 as its response deadline. *See* Minute Order (Sept. 27, 2021).

On October 11, NAR asked the Government whether it opposes NAR's response to whatever the Government files being due on November 12, 2021. That due date would give NAR the same amount of time—30 days—to respond to the Government's filing that the Government had to respond to NAR's petition. The Government indicated that it does not oppose.

1

There is good cause to grant this motion.

***First***, granting this motion would clarify the schedule by setting a deadline for NAR's filing even though the parties disagree as to the proper procedure for responding to NAR's petition. *See* ECF 11 at 1 n.1 ("In discussions between counsel, NAR indicated that it believes the petition should be treated as a civil complaint, and the respondents' response should take the form of an answer under Rule 7(a)(2). The Government's view is that its response should take the form of an opposition to the petition under Local Civil Rule 7(b)."). As NAR understands it, the Government's view is that it need not comply with Federal Rule of Civil Procedure 12(a), and instead Local Civil Rule 7 allows it to file an opposition brief, resulting in NAR's reply being due on October 20, 2021. *See* Local Civil Rule 7(d). Under NAR's view, the Government must follow Rule 12(a) and answer or move to dismiss the petition, so there is no October 20 deadline. *See* 15 U.S.C. § 1314(f) ("To the extent that such rules may have application and are not inconsistent with the provisions of this chapter, the Federal Rules of Civil Procedure shall apply to any petition under this chapter."). Setting a response deadline for NAR, as requested in this motion, would resolve the scheduling part of this dispute.

***Second***, the Government sought more time for its response to NAR's petition based on the "complexity of the issues raised by the petition," ECF 11 at 2, which supports NAR's request too. A November 12 deadline would give NAR the same amount of time to respond to the Government—30 days—as the Government had to prepare its October 13 filing.

***Third***, the Government also cited "other professional obligations on the part of the Government's attorneys" as a basis for its requested extension. ECF 11 at 2. This applies equally to NAR's attorneys, especially if the 7-day deadline under Local Civil Rule 7(d) applies.

*Fourth*, because the Government has not answered and has indicated it will not answer, NAR does not know what the Government will file or what arguments and claims the Government will make on October 13, and NAR will need at least 30 days to respond.

*Fifth*, there is no urgency in this matter that would make a November 12 response by NAR too late.

Under the Court's Standing Order, ECF 12 § 10, NAR certifies that this motion is being filed at least four days prior to the deadline at issue and as follows: (1) the Government argues the original deadline for NAR's filing is October 20, and NAR believes there is no such deadline; (2) under the Government's view of the deadline, the time requested for the extension is 23 days; (3) the Government received a previous extension for its response to NAR's petition, *see* Minute Order (Sept. 27, 2021), and NAR has received no previous extensions; (4) the good cause supporting the extension is detailed above; (5) granting the extension will have no effect on other previously set deadlines; (6) since there are no other affected deadlines, there is no need for a further schedule; and (7) the Government has indicated that it does not oppose this motion.

Dated: October 12, 2021                    Respectfully submitted,

                                           QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                           */s/ Ethan C. Glass*
                                           Ethan C. Glass (D.C. Bar No. 1034207)
                                           William A. Burck (D.C. Bar No. 979677)
                                           Michael D. Bonanno (D.C. Bar No. 998208)
                                           Peter J. Benson (D.C. Bar No. 1047289)
                                           1300 I Street NW, Suite 900
                                           Washington, District of Columbia 20005-3314
                                           Tel: (202) 538-8000
                                           Fax: (202) 538-8100
                                           ethanglass@quinnemanuel.com
                                           williamburck@quinnemanuel.com
                                           mikebonanno@quinnemanuel.com
                                           peterbenson@quinnemanuel.com

                                           *Attorneys for Petitioner National*
                                           *Association of REALTORS®*